# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BLUEFIELD DIVISION

CHRISTOPHER LEE UMBURGER,    )
    )
       Movant,    )
    )
v.    )    **Civil Action No. 1:03-0291**
    )    **(Criminal Action No. 1:00-0204)**
UNITED STATES OF AMERICA,    )
    )
       Respondent.    )

### PROPOSED FINDINGS AND RECOMMENDATION

Pending is Movant's Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody.[1] (Document No. 1.) Movant states the following grounds for seeking relief under § 2255:

1.    Ineffective assistance of counsel by his attorney's
    a.    failure to dispute that Movant qualified as a career criminal;
    b.    failure to seek downward departure under U.S.S.G. § 5K; and
    c.    failure to address and file a Petition for Writ of Certiorari in the United States Supreme Court.
2.    The District Court erred in refusing to depart downward in view of his "post-offense rehab efforts."
3.    The District Court erred in determining that he qualified as a career criminal. Movant asserts that "[t]he matter of career offender status was never raised or proven at sentencing." He contends that he had no prior drug convictions and no predicate offenses by which he could be deemed to qualify as a career criminal. He acknowledges that he was convicted of a violent crime in 1986 but asserts that it should not have been counted because it occurred more than fifteen years before his conviction in Criminal No. 1:00-0204.
4.    The attorney for the United States did not inform the District Court of the full extent of his cooperation. Movant states that "[w]hile the Court did make a substantial reduction for the assistance noted by the prosecutor, this was only

---

[1] Because Movant is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer, and therefore, are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

one of seven cases in which the petitioner assisted. If the Court departed 68 months for one controlled buy, then the petitioner could only hope and expect something greater if the Court knew about the other six."

5.    His sentence is excessive and constitutes cruel and unusual punishment in view of the "'minuscule' amount of heroin" involved and his health.[2]

On February 17 and March 24, 2005, Movant filed identical Motions to Expand or Amend his claims under § 2255. (Document Nos. 4 and 6.) Movant asserts that the United States Supreme Court's decision in <u>Blakely v. Washington</u>, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), applies in his case. Movant asserts that under <u>Blakely</u>, his status as a career offender should have been determined by a jury. Having fully and carefully examined the record, the undersigned finds that Movant is not entitled to relief under 28 U.S.C. § 2255 and Movant's Petition must be dismissed.[3]

## PROCEDURAL BACKGROUND

By Indictment filed on September 13, 2000, Movant was charged in three counts with knowingly and intentionally distributing heroin in violation of 21 U.S.C. § 841(a)(1). <u>United States v. Umburger</u>, Criminal No. 1:00-0204, Document No. 1. On May 21, 2001, Movant entered a plea of guilty to count one of the Indictment pursuant to a plea agreement. <u>Id.</u>, Document Nos. 27 and 30. Movant filed a Motion for Downward Departure on July 30, 2001, on grounds that he had voluntarily sought drug rehabilitation treatment in June, 2000, before he was aware that his drug dealing activities were being monitored. <u>Id.</u>, Document No. 33. The United States filed a Motion for Substantial Assistance. <u>Id.</u>, Document No. 34. Movant was sentenced on August 20, 2001. In addressing the Court at his sentencing hearing, Movant stated that "I made about seven controlled

---

[2] Movant's sentence was determined in accordance with applicable federal statutes and Guidelines and cannot be deemed to violate his constitutional rights.

[3] The Bureau of Prisons' Inmate Locator indicates that Movant is currently at FCI Memphis, Tennessee, and has a projected release date of November 21, 2009.

buys, which evidently I'm not going to get any benefit from, . . . and I went into drug treatment. *
* * I have serious health problems. You know, without . . . some type of departure . . . and some
good medical help, I don't know that I can do any sentence you give me . . .." <u>Id.</u>, Document No.
45 (Transcript of Sentencing Hearing), pp. 14 - 15. At the end of his sentencing hearing, the Court
discussed Movant's Motion for Downward Departure on grounds of Movant's post offense drug
rehabilitation efforts with counsel. Chief Judge Faber stated that "I read that motion and those are
among the things that I considered as mitigating in reaching the sentence that I impose here today."
The Court further indicated that Defendant's severe health problems were a consideration in his
sentencing. <u>Id.</u>, Document No. 45, pp. 19 - 20. In sentencing Movant, the District Court determined
that Movant was a career offender as defined by U.S.S.G. § 4B1.1. The District Court found that
Movant's base offense level was 32 and granted a three level downward adjustment in view of
Movant's acceptance of responsibility. The Court found that Movant was at Criminal History
Category IV by virtue of his career criminal status and noted that his criminal history category
would be IV even if Movant did not qualify as a career criminal. The District Court found that the
Guidelines required that Movant be sentence to a 151 to 188 month term of incarceration. In view
of the United States' Motion for Substantial Assistance, the District Court departed downward five
offense levels to offense level 24, Criminal History Category IV and determined that Movant should
be sentenced to a 100 to 125 month term of imprisonment. The District Court sentenced Movant to
a 120 month prison term and a three year term of supervised release. <u>Id.</u>, Document Nos. 36 and 37.

　　　Movant filed a handwritten notice of appeal on August 31, 2001, stating among other things
that "I don't understand why [my attorney] didn't address the Court on my Motion for Downward
Departure or why I made seven controlled buys and only got 5K1.1 on one buy." <u>Id.</u>, Document No.
38. On appeal, Movant's appointed attorney filed a brief pursuant to <u>Anders v. California</u>, 386 U.S.

3

738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that there were no issues of merit, and Movant

filed a *pro se* supplemental brief claiming that (1) the district court erred in denying his Motion for

Downward Departure as moot and misapplied the Guidelines and violated the Constitution in

sentencing him as a career criminal, (2) the United States breached the plea agreement and engaged

in prosecutorial misconduct in failing to inform the District Court of the full extent of his

cooperation in addressing its Motion for Substantial Assistance and (3) his attorney was ineffective

in failing to dispute the District Court's determination that he qualified as a career offender. United

States v. Umburger, 32 Fed.Appx. 84 (4th Cir. 2002). On April 4, 2002, the Fourth Circuit affirmed

the District Court's decision in sentencing Movant stating as follows:

> We have examined the entire record in this case in accordance with the requirements
> of *Anders* and find no meritorious issues for appeal. The district court took
> Umburger's rehabilitation efforts into consideration when determining his sentence,
> and did not misapprehend its authority to depart. *See United States v. Bayerle*, 898
> F.2d 28 (4th Cir. 1990). Further, Umburger has at least two prior felony convictions
> for crimes of violence or controlled substance offenses, so he was properly found to
> be a career offender. USSG 4B1.1. We find no error in the scope of the
> Government's request for a departure under USSG § 5K1.1, which prompted the
> district court to reduce Umburger's offense level by five levels. Finally, because the
> record in this case does not conclusively show counsel was ineffective, we decline
> to consider this claim on direct appeal.

The Fourth Circuit further required Movant's counsel to inform Movant if his right to petition the

United States Supreme Court for review as follows:

> This court requires that counsel inform his client, in writing, of his right to petition
> the Supreme Court of the United States for further review. If the client requests that
> a petition be filed, but counsel believes that such a petition would be frivolous, then
> counsel may move in this court for leave to withdraw from representation. Counsel's
> motion must state that a copy thereof was served on the client.

The Fourth Circuit issued its mandate on April 26, 2002. The Fourth Circuit's Case Summary

indicates that Movant's attorney filed a CJA 20 Voucher for payment on May 13, 2002. There is no

indication that Movant's attorney notified Movant of his right to petition the Supreme Court for

review or moved to withdraw. It appears further that Movant did not file a petition for review in the United States Supreme Court.

## **DISCUSSION**

The relevant portion of § 2255 provides as follows:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In order to be cognizable under § 2255, claims based on other than constitutional or jurisdictional grounds must present exceptional circumstances that justify permitting a collateral attack. Stated another way, the alleged error must amount to "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). Section 2255 is not a substitute for direct appeal. United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Accordingly, errors warranting a reversal on direct appeal will not necessarily support a collateral attack. Knight v. United States, 37 F.3d 769, 772 (1st Cir.1994). See United States v. Addonizio, 442 U.S. 178, 184, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). Failure to raise an issue presented in sentencing on direct appeal which is non-constitutional in nature amounts to a waiver of the right to contest the issue in § 2255 proceedings. See United States v. Emanuel, 869 F.2d 795 (4th Cir. 1989).

With respect to issues which are constitutional in nature, absent a showing of good cause for and prejudice from failing to appeal as may be shown by a defendant in criminal proceedings, § 2255 is no substitute, and the failure precludes § 2255 review. Theodorou v. United States, 887 F.2d

5

1336, 1339-40 (7th Cir. 1989)("[A]bsent a showing of cause and prejudice, a defendant is barred from raising any constitutional challenge in a section 2255 proceeding which could have been raised on direct appeal."); United States v. Essig, 10 F.3d 968, 979 (3d Cir. 1993); *See also* United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994), *cert. denied*, 517 U.S. 1161, 116 S.Ct. 1555, 134 L.Ed.2d 657 (1996). The standard is conjunctive. As a general matter therefore, movants must show good cause for and prejudice from their failure to raise any constitutional issues advanced under § 2255 on direct appeal. *See* Theodorou, *supra*, 887 F.2d at 1340. Constitutional claims of ineffective assistance of counsel are the exception. They are more properly raised in § 2255 proceedings and not on direct appeal. United States v. Richardson, 195 F.3d 192 (4th Cir. 1999), *cert. denied*, 528 U.S. 1096, 120 S. Ct. 837, 145 L.Ed.2d 704 (2000).

When a movant claims ineffective assistance of counsel as a basis for seeking relief under § 2255, the burden is on the movant to prove that his trial attorney failed to render effective assistance. Strickland v. Washington, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). In Strickland, the Court adopted a two-pronged test for determining whether a defendant received adequate assistance of counsel. Id. The first prong is competence. Defendant must show that the representation fell below an objective standard of reasonableness. Strickland, 466 U.S. at 687 - 691, 104 S.Ct. at 2064 - 2066. There is a strong presumption that the conduct of counsel was in the wide range of what is considered reasonable professional assistance, and a reviewing Court must be highly deferential in scrutinizing the performance of counsel. Strickland, 466 U.S. at 688-89, 104 S.Ct. at 2065 - 2066.

> A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. . .. [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

6

Strickland, 460 U.S. at 690, 104 S.Ct. at 2066. The second prong is prejudice The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."   Strickland, 466 U.S. at 694, 104 S.Ct. at 2068. An attorney's mere mistake, ignorance or inadvertence does not suffice for proof of ineffective assistance. Murray v. Carrier, 477 U.S. 478, 106 S. Ct. 2639, 2645-46, 91 L.Ed.2d 397 (1986)("So long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in Strickland v. Washington, . . . we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default.") The movant must therefore show (1) that his attorney's performance was constitutionally inadequate, i.e., that he committed errors so serious that his performance "fell below an objective standard of reasonableness" and (2) that his attorney's performance prejudiced him such that it rendered the proceeding fundamentally unfair or made the result unreliable. Strickland, 466 U.S. at 687 - 88, 104 S.Ct. at 2064 - 2065; Fitzgerald v. Thompson, 943 F.2d. 463 (4th Cir. 1991), *cert. denied*, 502 U.S. 1112, 112 S. Ct. 1219, 117 L.Ed.2d 456 (1992).

Movant's claims of  error in his sentencing are not cognizable under § 2255. The District Court clearly considered Movant's status as a career offender and his post offense rehabilitation efforts in determining what Movant's sentence should be. The Fourth Circuit reviewed and affirmed the District Court's decision in these respects. The record further reflects that the District Court knew the full extent of Movant's cooperation as Movant informed the Court of it himself in addressing the Court during his sentencing hearing. The Fourth Circuit examined the entire record and found no error in Movant's sentencing. There is no indication in the record of error in Movant's sentencing so fundamentally defective that relief under § 2255 may be warranted. The undersigned therefore finds that Movant has asserted no meritorious basis for relief arising out of the District

Court's determination of his sentence pursuant to § 2255. The undersigned further finds that Movant's claims of error in his sentencing do not become cognizable and therefore worthy of consideration under § 2255 when raised in conjunction with Movant's assertion that his attorney's assistance was constitutionally ineffective. The circumstances do not indicate Movant's attorney's ineffective assistance at the District Court or the Court of Appeals levels. Nor is there any merit to his claim of error in the failure of the United States' attorney to disclose the full extent of his cooperation in seeking a downward departure on the basis of Movant's substantial assistance.

It remains to consider Movant's claim that his attorney was ineffective in failing to file a petition for review in the United States Supreme Court and whether <u>Blakely</u> and <u>Booker</u> are applicable.

Indigent criminal defendants have the constitutional right to effective assistance of counsel through a direct appeal. <u>Anders v. California</u>, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). The right does not exist when appellate review is discretionary. <u>Ross v. Moffitt</u>, 417 U.S. 600, 616 - 617, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974). Because review of criminal convictions and sentences in the United States Supreme Court is discretionary[4], indigent criminal defendants have no right to effective assistance of counsel in the filing of petitions for review in that Court. The <u>Strickland</u> two-pronged test is therefore not controlling. *See* <u>McGill v. United States</u>, 2006 WL 208863 (D.S.C.), *3. Rather, counsel's obligation respecting the filing of a petition for review in the United States Supreme Court is established and defined by rules of the Court and standards of the bar. The Plan of the United States Court of Appeals for the Fourth Circuit In Implementation of The Criminal Justice Act ("CJA Plan") provides as follows:

---

[4] Rule 10 of the Rules of the United States Supreme Court provides that "[r]eview on a writ of certiorari is not a matter of right, but of judicial discretion."

## V.  ATTORNEY'S DUTY TO CONTINUE REPRESENTATION

* * *

2.  Appellate Counsel: Every attorney, including retained counsel, who represents a defendant in this court shall continue to represent his client after termination of the appeal unless relieved of further responsibility by this court or the Supreme Court.  Where counsel has not been relieved:

If the judgment of this court is adverse to the defendant, counsel shall inform the defendant, in writing, of his right to petition the Supreme Court for a writ of certiorari.  If the defendant, in writing, so requests and in counsel's considered judgment there are grounds for seeking Supreme Court review, counsel shall prepare and file a timely petition for such a writ and transmit a copy to the defendant. Thereafter, unless otherwise instructed by the Supreme Court or its clerk, or unless any applicable rule, order or plan of the Supreme Court shall otherwise provide, counsel shall take whatever further steps are necessary to protect the rights of the defendant, until the petition is granted or denied.

If the appellant requests that a petition for writ of certiorari be filed but counsel believes that such a petition would be frivolous, counsel may file a motion to withdraw with this court wherein counsel requests to be relieved of the responsibility of filing a petition for writ of certiorari.  The motion must reflect that a copy was served on the client.

Similar language appears in the "Memorandum To Attorneys Appointed Under The Criminal Justice Act," also published by the Fourth Circuit.

The American Bar Association's publication which sets standards for attorneys who defend persons charged with crimes addresses the appellate duties of counsel as follows:

Standard 4-8.3 Counsel on Appeal

(a) Appellate counsel should not seek to withdraw from a case solely on the basis of his or her own determination that the appeal lacks merit.

* * *

(c) If the client chooses to proceed with an appeal against the advice of counsel, counsel should present the case, so long as such advocacy does not involve deception of the court.  When counsel cannot continue without misleading the court, counsel may request permission to withdraw.

ABA Standards for Criminal Justice, Prosecution Function and Defense Function 3rd ed., § 4-8.3, at 239 (1993).  In the Commentary to the Standard, the following appears:

> Once counsel has accepted appointment or has been retained to pursue a client's case on appeal, he or she should continue representation of the client until all direct appeal possibilities desired to be pursued by the client are exhausted, new counsel is substituted, or a court otherwise orders or permits counsel to withdraw.

Id., at 242. In Austin v. United States, 513 U.S. 5, 8, 115 S.Ct. 380, 381, 130 L.Ed.2d 219 (1994), the Supreme Court expressed its opinion that Circuit councils should review their CJA Plans to "allow for relieving a lawyer of the duty to file a petition for certiorari if the petition would present only frivolous claims." Thus, it appears that an attorney, whether retained or appointed, is obliged to (1) notify his client of the possibility of Supreme Court review, and, if requested in writing, (2) file a petition for review of non-frivolous claims. If the client requests that a petition for review be filed as to frivolous claims, the attorney is obliged to file a motion to withdraw with the expectation that the motion will be granted and the client will proceed *pro se*. The attorney's failure to file a motion to withdraw and failure to file a petition asserting frivolous claims when the client requests it amounts to a violation of the Court's CJA Plan and does not rise to the level of ineffective assistance.

The Fourth Circuit entered its decision in Movant's appeal on April 4, 2002. The Court entered its mandate on April 26, 2002. Movant's sentence became final on July 3, 2002, ninety days after the Fourth Circuit's entry of its decision. *See* Supreme Court Rule 13.1; Clay v. United States, 537 U.S. 522, 123 S.Ct. 1072, 1076, 155 L.Ed.2d 88 (2003)(holding that "[f]inality attaches when the Court affirms a conviction on the merits on direct review or denies a petition for writ of certiorari, or when the time for filing a certiorari petition expires.")(*citing* Caspari v. Bohlen, 510 U.S. 383, 390, 114 S.Ct. 948, 953, 127 L.Ed.2d 236 (1994) (holding that "[a] state conviction and sentence becomes final for purposes of retroactivity analysis when the availability of direct appeal

to the state courts has been exhausted and the time for filing a petition for a writ of certiorari has elapsed or a timely filed petition has been finally denied."). There is no indication in the record that Movant's attorney informed Movant in writing of his right to petition the Supreme Court for review of the Fourth Circuit's decision or that Movant requested that his attorney do so. Rather, it is clear that Movant's attorney did not file a motion to withdraw in the Fourth Circuit or a petition for review in the Supreme Court during the ninety day period. Apparently, Movant's attorney viewed his representation of Movant by appointment concluded and filed his CJA Voucher for payment on May 13, 2002, well before the period of time allotted to petition the Supreme Court for review lapsed. Assuming favorably to Movant that Movant's attorney did not notify Movant of his right to file a petition in the Supreme Court and Movant requested that his attorney do so, in view of Movant's attorney's filing of an <u>Anders</u> brief in the Fourth Circuit and the Fourth Circuit's finding of "no meritorious issues for appeal", his attorney's failure to notify his client, move to withdraw and file the petition in the Supreme Court amounted to a violation of the Fourth Circuit's CJA Plan, not constitutionally ineffective assistance of counsel. *See* <u>United States v. Eisenhardt</u>, 10 F.Supp.2d 521, 523 (D.Md. 1998)(Considering § 2255 movant's claim of ineffective assistance of his retained counsel in failing to advise movant of review in the Supreme Court, the Court determined that movant was not prejudiced by the failure stating that "[g]iven the nature of the underlying question and the Fourth Circuit's disposition of it, the *certiorari* petition would have been dead on arrival at the Supreme Court, a conclusion with which no reasonable lawyer could disagree.") Notwithstanding his attorney's presumed failure, Movant had notice of his right to petition the Supreme Court for review of the Fourth Circuit's decision from the Fourth Circuit's directive to his attorney as set forth in its decision, and Movant knew that his attorney believed that there were no non-frivolous issues for appeal. It is therefore clear that Movant was not prejudiced by his attorney's

presumed failure to abide by the Fourth Circuit's CJA Plan and directive. Movant's claim that his attorney's failure constituted ineffective assistance of counsel is without merit.

The undersigned further finds that <u>Blakely</u> and <u>Booker</u> are inapplicable in Movant's case because Movant's sentence became final well before the Supreme Court's decisions in <u>Blakely</u> and <u>Booker</u>. Movant's sentence became final on July 3, 2002, when the time lapsed for filing a petition for review in the Supreme Court. The Supreme Court decided <u>Blakely</u> on June 24, 2004, and <u>Booker</u> on January 12, 2005. These cases do not apply retroactively. The Fourth Circuit Court of Appeals has recently issued a published decision joining nine Circuit Court of Appeals which had considered whether <u>Booker</u> applies retroactively to persons whose convictions were final prior to the Supreme Court's decision and determined that it does not. <u>United States v. Morris</u>, 429 F.3d 65 (4th Cir. 2005).

## PROPOSAL AND RECOMMENDATION

Accordingly, the undersigned hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS** Movant's Motion under § 2255 to Vacate, Set Aside or Correct his Sentence (Document No. 1.) as expanded or amended (Document Nos. 4 and 6.) and remove this matter from the Court's docket.

Movant is notified that these Proposed Findings and Recommendation are hereby **FILED**, and a copy will be submitted to the Honorable Chief United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(a), Federal Rules of Civil Procedure, Movant shall have three days (mailing/service) and then ten days (filing of objections), for a total of thirteen days from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1366 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140, 155 (1985); <u>Wright v. Collins</u>, 766 F.2d 841, 846 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served upon the presiding United States District Judge, District Judge Faber, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy to Movant who is acting *pro se* in these proceedings at his current address as follows:

> Mr. Christopher L. Umburger, 06453-088
> FCI Memphis
> Federal Correctional Institution
> Post Office Box 34550
> Memphis, Tennessee 38134

Date: May 16, 2006.

R. Clarke VanDervort
United States Magistrate Judge