IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

**CHRISTOPHER LEE UMBURGER,**

    Petitioner,

v.                                        CIVIL ACTION NO. 1:03-0291
                                            (Criminal Action No. 1:00-00204)

**UNITED STATES OF AMERICA,**

    Respondent.

### MEMORANDUM OPINION AND ORDER

In a hearing held on September 21, 2006, the petitioner appeared in person and by counsel, Sante Boninsegna, Jr., and the United States appeared by Assistant United States Attorney Miller A. Bushong III. The purpose of the hearing was to determine the merit of petitioner's fifth objection to Magistrate Judge R. Clarke VanDervort's Proposed Findings and Recommendation ("PF & R"). (See Doc. Nos. 64, 66, 68.)

In the court's Memorandum Opinion and Order of September 11, 2006, the court declined to adopt the PF & R to the extent they recommend that the court conclude that a criminal defense attorney does not provide ineffective assistance of counsel where he fails to advise his client of his right to petition the United States Supreme Court of Appeals for a writ of certiorari. (Doc. No. 68 at 8-10, citing Proffitt v. United States, 549 F.2d 910, 912-13 (4th Cir. 1976); United States v. King, 11 Fed. Appx. 219, 221 (4th Cir. 2001)(per curiam).) Lacking sufficient evidence

from which to ascertain whether petitioner's attorney in the underlying case, Ward Morgan, adequately informed petitioner of his rights on appeal, the court scheduled an evidentiary hearing on that issue.

Having now heard the testimony of petitioner and Mr. Morgan, and having taken into evidence numerous letters between the two, the court is left with no doubt as to the effectiveness of counsel's representation in this regard.  Particularly convincing is Defendant's Exhibit Three, a copy of a letter from Mr. Morgan to petitioner informing him of the outcome of petitioner's appeal to the Fourth Circuit Court of Appeals and of his right to petition the United States Supreme Court for further review.  In his testimony, petitioner acknowledged receiving this letter.  He stated, however, that he believed he had asked Morgan at some point to file the petition on his behalf.  The testimony of Mr. Morgan refutes this contention.  Furthermore, petitioner could produce no written proof of such request.  For these reasons, the court concludes by a preponderance of the evidence that Morgan properly informed petitioner of his appellate rights and that petitioner did not ask Morgan to seek further review in the Supreme Court.

Indeed, Morgan's actions support this conclusion.  As the magistrate judge noted, had petitioner requested that Morgan file a petition, he would have been obligated to 1) file the petition

-2-

if any non-frivolous claims remained, or 2) move the Fourth Circuit to withdraw if only frivolous claims remained. (See Doc. No. 8 at 10.) The magistrate judge assumed for the sake of argument that Morgan had failed to file a motion to withdraw under circumstances requiring him to do so. (Id. at 11.) With no legitimate claims remaining that might be heard on direct review, however, and no request from his client to petition the Supreme Court, Morgan acted perfectly appropriately in filing nothing more than his Criminal Justice Act voucher for payment.

For the reasons stated above, petitioner's objection number five to the PF & R is **OVERRULED**. In its earlier opinion, the court reserved ruling on petitioner's objection under Blakely v. Washington, 542 U.S. 296 (2004), due to the possibility that sustaining petitioner's fifth objection might lead to further direct review of his conviction, thus opening the door to the applicability of United States v. Booker, 543 U.S. 220 (2005). See Page v. United States, 884 F.2d 300 (7th Cir. 1989) (suggesting appropriate remedy in such situation may be vacating and re-entry of petitioner's conviction to restart appellate process). Having now determined that petitioner's fifth objection is without merit, the court **OVERRULES** petitioner's Blakely objection for the reasons stated in the court's previous memorandum opinion. (See Doc. No. 68 at 7-8.)

Magistrate Judge VanDervort's Proposed Findings and Recommendation (Doc. No. 64) are **CONFIRMED AND ACCEPTED IN PART**, as outlined herein and in the court's previous opinion (Doc. No. 68), petitioner's objections are **OVERRULED**, and his Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. No. 1) is **DISMISSED**.

At the conclusion of the hearing of September 21, 2006, the court erroneously informed petitioner that he would have thirty days from the entry of this Memorandum Opinion and Order in which to file a Notice of Appeal.  Pursuant to Federal Rule of Appellate Procedure 4(a)(1)(B), the parties have **sixty days** within which to file a Notice of Appeal with the Clerk of the court.  If petitioner requests, the Clerk will prepare and file such notice of appeal on his behalf.

The Clerk is **DIRECTED** to remove this matter from the court's docket and to forward a copy of this Memorandum Opinion and Order to the petitioner and to all counsel of record.

IT IS SO ORDERED this 26th day of September, 2006.

ENTER:

*David A. Faber*
David A. Faber
Chief Judge